206

PUBLIC SERVICE OIL CORPORATION v. SAME.

Nos. 4736, 4961.

Circuit Court of Appeals, Third Circuit. Sept. 21, 1933.

Merritt Lane and Minturn & Weinberger, all of Newark, N. J., for appellants.

Edwards, Smith & Dawson, of Jersey City, N. J. (Edwin F. Smith and Charles M. James, both of Jersey City, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Tide Water Oil Sales Corporation, a corporate citizen of Delaware (hereafter called Tide), brought suit and recovered a money judgment against Public Service Oil Corporation, a corporate citizen of New Jersey (hereafter called Public), for gasoline sold and delivered to Public under a written contract. Public, admitting it had not paid therefor, set up a counterclaim that Tide had breached the contract by the nondelivery of further gasoline. On the trial the court gave binding instructions to the jury that Tide had not breached the contract, but Public had, and that they should return a verdict for Tide for the gasoline delivered, and should find against Public's counterclaim.

Passing the fifty-one assignments of error with which this record is needlessly cumbered, the decisive factor in the case is the construction of the written contract of February 1, 1930, between the parties and their actions thereunder. The pertinent parts of the contract are, first: "Tide Water agrees to sell and Purchaser agrees to purchase Tide Water's gasoline * * * for resale at Purchaser's own service stations and by present customers of Purchaser to whom it may sell the same"; and, second: "Upon Purchaser's violation of any condition or term of this agreement, Tide Water may, at its option, terminate this agreement and refuse all further shipments." By writing dated January 7, 1931, Tide notified Public "that in view of your breach of the condition contained in that agreement to the effect that the products sold to you were to be resold only through your own service stations and by those who were your customers at the time of that agreement and who purchased such products from you, we hereby elect to terminate this agreement effective immediately."

At the date of the contract Public had of its own and its customer's stations about seventy-five. At that time the Solar Oil Company (hereafter called Solar) was a gasoline contract customer of Tide and was not a customer of Public. Tide was furnishing large quantities of gasoline to Solar. The contract expired in September following. After the termination of the contract in September, Solar, until about November 4th, continued to be a customer of Tide, but not under the terminated contract. Both Tide and Public tried to acquire Solar's stations. The latter part of October Public had entered into negotiations with Solar to take over its forty to forty-five stations which had theretofore been customers of Tide, and on November 5th this was consummated by written contract, which Tide never saw. After that date there were unsuccessful efforts made up to December 12th by Tide and Public to make some satisfactory rearrangement about Solar, but without success. During this interim Tide had continued to serve Solar with gasoline. Thereupon and thereafter Public took over the Solar stations and began serving them with gasoline obtained from Tide. It is clear that during this period of attempted adjustment no one waived, or attempted to change, Tide's contract with Public or authorized Public to negotiate with Solar to buy its stations. In answer to the question by the court, "Did you ever have a permit from them" (Tide) "orally or written under which they authorized you to make sales of Tydol to the Solar Oil Company?" the president of Public testified: "A. Not to make sales your Honor." Now the contract between Solar and Public was an executory one which was never carried out. It provided for a sale to Public

of the forty odd service stations on payment of a down sum and the subsequent transfer of a large block of Public's stock. During the time of fulfillment of the contract, it provided Solar was to retain possession of service stations and operate them at its own risk; Public meanwhile supplying it with gasoline at a fixed price. This was done, and it is clear that the relation between Public and Solar was that of seller and customer. Such being the case, it is clear that Public breached its contract and the court committed no error in so holding. So regarding, we affirm No. 4961 and dismiss No. 4736.